**PALMER BROS. CO. v. WEAVER, Chief of Bureau of Inspection.***

(District Court, W. D. Pennsylvania. March 20, 1924.)

No. 1035.

Commerce ☞50—Constitutional law ☞240 (1), 296(1)—Inspection ☞2—Pennsylvania act requiring inspection of mattresses, etc., held constitutional.

Act Pa. June 14, 1923 (P. L. 802; Pa. St. Supp. 1924, § 14631a1 et seq ), regulating the making of mattresses. pillows, etc., prohibiting the use of shoddy or secondhand materials therein unless sterilized, and requiring inspection of such articles, *held*, on motion for preliminary injunction. to restrain its enforcement, not in violation of Const. Amend. 14, or article 1, § 8, cl. 3.

¹Decree affirmed 45 S. Ct. 128, 69 L. Ed. —.

In Equity. Suit by the Palmer Brothers Company against D. E. Weaver, Chief of the Bureau of Inspection in Pittsburgh of the Department of Labor and Industry of the Commonwealth of Pennsylvania. On motion for preliminary injunction. Denied.

Edwin W. Smith, of Pittsburgh, Pa., for plaintiff.

E. Lowry Humes, of Pittsburgh, Pa., for defendant.

Before WOOLLEY, Circuit Judge, and SCHOONMAKER, District Judge.

PER CURIAM. This case came on for hearing on motion for an interlocutory injunction to enjoin the enforcement of an Act of Assembly of Pennsylvania, No. 314, approved June 14, 1923 (P. L. 802; Pa. St. Supp. 1924, § 14631a1 et seq.), entitled "An act relating to mattresses, pillows, bolsters, feather beds, comfortables, cushions, and uphólstered furniture; regulating the making, remaking, renovating, sterilizing, disinfecting, sale, leasing, delivering, and consigning thereof, and the possession thereof with intent to sell, lease, deliver, or consign," because of its alleged violation of the Fourteenth Amendment to the Constitution of the United States in its prohibition of the use of shoddy and secondhand materials (unless such secondhand materials are properly sterilized) in mattresses, pillows, bolsters, feather beds, comfortables, cushions or articles of upholstered furniture, and also because it is alleged that the act violates the interstate commerce clause of the Constitution, in that it imposes an undue burden on interstate commerce by its inspection and tagging provisions.

Upon due consideration of the injunction affidavits and the proofs offered at the hearing of this motion, we find ourselves unconvinced that the act complained of is so palpably unreasonable and arbitrary that we ought to grant the interlocutory injunction prayed for, and we therefore deny the motion for an interlocutory injunction, but in so doing express no opinion on the merits of the controversy, as they may develop on final hearing.