## A. MAGNANO CO. v. DUNBAR, Atty. Gen. of Washington, et al.

### No. 458.

District Court, W. D. Washington, S. D.
Feb. 26, 1932.

For opinion on final hearing, see 2 F. Supp. 417.

**416**

McMicken, Ramsey, Rupp & Schweppe, of Seattle, Wash., for complainants.

John H. Dunbar, Atty. Gen., and E. W. Anderson, Asst. Atty. Gen. (John B. Fogarty, of Everett, Wash., and Philip D. Macbride, of Seattle, Wash., of counsel), for defendants.

Before WILBUR, Circuit Judge, and CUSHMAN and NETERER, District Judges, as a statutory three-judge court.

NETERER, District Judge (after stating the facts).

At the time this case was argued it was stated that, with the final brief, a stipulation of facts would be filed, to the end that the issue may be disposed of upon the merits, avoiding the necessity of reconvening the three-judge court. No stipulation has been filed. The respective parties, in their briefs, say that, if the court denies the motion to dismiss, the facts will be stipulated.

Many of the pertinent facts, arising either directly or collaterally, in this case, have been fully discussed in The Best Foods, Inc., v. Welch (D. C.) 34 F.(2d) 682.

In view of the statements of the bill of complaint, which are denied by the answer but admitted by the motion to dismiss, and since section 13 of the act (Laws Wash. 1931, c. 23) expressly exempts payment of the excise tax violative of interstate commerce "or the doing of any acts which would constitute an unlawful burden upon the sale or distribution of butter substitutes as herein defined, in violation of the constitution or laws of the United States," it is felt that, after due consideration of the pleadings, the issue may not be fully and fairly disposed of by the court without the facts with relation to the disputed issues, either by stipulation or proof, and, since the issue is largely the power of the state to tax, and as stated by the Supreme Court in Chicago G. W. Ry. Co. v. Kendall, 266 U. S. 94, 45 S. Ct. 55, 57, 69 L. Ed. 183: "This court must respect in the fullest degree the sensitiveness of Congress in hedging about the sovereign power of taxation by the states and precluding temporary federal judicial interference with it save in clear cases," we find ourselves unconvinced that the act complained of is so palpably unreasonable and arbitrary that we ought to grant an interlocutory injunction prayed for, but that the motion to dismiss should be denied, to the end that the court may be fully advised and substantial justice administered.

In denying the motion to dismiss, the motion for an interlocutory injunction is likewise denied, but in so doing we express no opinion of the merits of the controversy, as they may develop upon the stipulation of the facts or upon final hearing. Palmer Bros. Co. v. Weaver (D. C.) 3 F.(2d) 333.